## No. 13,217.

STATE EX REL WILLIAM SCHWAN ET AL., VS. HON A. C. ALLEN, JUDGE 24TH JUDICIAL DISTRICT COURT, AND PAUL PECOT, SHERIFF.

### SYLLABUS.

The judge *a quo* has, primarily, jurisdiction to determine whether an appeal granted by him is suspensive or devolutive and, pending an application to him to so determine, prohibition will not issue from this court upon the assumption that he will continue to exercise a jurisdiction which has been divested by suspensive appeal. Nor will the writ issue to annul an order already made when the same has been set aside by the judge who made it, and an appeal from the latter judgment is pending in this court—whilst the question whether such appeal is suspensive or devolutive is pending on rule in the court *a qua.*

ON APPLICATION for Writs of *Mandamus* and Prohibition.

*Buck, Walshe & Buck, Milling & Sanders* and *Charles A. O'Neil* for Relator.

Respondent Judge *pro se.*

*D. Caffery & Son, Placide P. Sigur, Philip H. Mentz, J. Sully Martel,* and *Wilson & Mayer* for Ludwig Schwan *et als.*, also Respondents.

FIFTY-FIRST ANNUAL REPORTS, 1899.     1843

State ex rel Schwan vs. Judge and Sheriff.

Submitted on briefs June 3, 1899.
Opinion handed down June 12, 1899.
Rehearing refused June 26, 1899.

## STATEMENT OF THE CASE.

The opinion of the court was delivered by

MONROE, J.   Valentine Schwan died, leaving a large estate, and a nuncupative will by public act, whereby he bequeathed to Ludwig Schwan, and others, particular sums of money, and constituted Wm. Schwan, Odille Moreiro, and Julia Moreiro, his universal legatees. The will was presented to the respondent judge, admitted to probate, and ordered executed, and the universal legatees, having accepted the succession, simply and unconditionally, were recognized by judgment of the court as owners of the entire estate, and put into possession. Subsequently, Ludwig Schwan, a brother of the deceased, together with other brothers and sisters, particular legatees, filed a suit against the universal legatees, in possession, alleging that they were incapable by law, of inheriting, and otherwise attacking the will, and praying that it be annulled, and that the estate be given to petitioners, as heirs at law.   They also prayed for the sequestration, *pendente lite,* of the movable property, and the judge *a quo* orderd a sequestration, without bond, under which something like $60,000 worth of movable property seems to have been seized by the sheriff. Wm Schwan *et als.,* moved to set aside this seizure, and, after hearing, it was so ordered.   Ludwig Schwan *el als.* thereafter applied for an appeal from said order, which appeal was granted in the following terms, to-wit:

"Motion for appeal taken up, argued, and appeal granted from the judgment of the court in vacating the writ of sequestration, made returnable to the honorable, the Supreme Court of the State, in accordance with law, and in case of a devolutive appeal, bond for costs fixed at one hundred dollars, and, in case of a suspensive appeal, bond fixed according to law, based upon the amount set out in the plaintiff's petition."

The appellants filed a bond upon the day upon which this order was made, which bears the following indorsement by the clerk: "Received and filed May 24, 1899, but not approved or accepted as suspensive appeal bond, should be $450,000 in this case, according to law." (Signed) "John M. Parkerson, Clerk."

The amount set forth in the petition, as referred to in the order of appeal, and with reference to which, according to the terms of said order, the bond for suspensive appeal was to be fixed, is $300,000. The amount for which the bond above mentioned was given is $100.00. After the filing of said bond, as appears from the return made in this court by the respondent judge, the appellants applied for an injunction to restrain the sheriff from releasing the property which had been sequestered—on the theory that the appeal, taken by them from the judgment setting aside the sequestration, operated suspensively, and the respondent judge refused to grant the injunction. Wm. Schwan *et als,* the appellees, then took a rule on the sheriff to compel him to release said property, on the theory that no appeal would lie from the judgment dissolving the sequestration, and that in any event, said appeal, as taken, operated devolutively, and not suspensively, to which rule the appellants were, by order of the court *a qua,* made parties. This rule was fixed for trial, and the respondent judge returns that he was ready to try it, when he was served with the papers in the present proceeding, and suspended further action.

The relators, Wm. Schwan *et als.,* after reciting in detail the proceedings which have been herein before set forth, and particularly the orders of the respondent judge for the sequestration, and for the appeal from the judgment dissolving the same, allege as follows, to-wit:

\*   \*   \*   "that they protested and objected to the granting of " any appeal whatsoever, suspensive or devolutive, on the ground that " no appeal could lie or be taken from an order of the court annulling, " cancelling, and reopening, its own *ex parte* and *ex officio* act or order " for which there had existed no warrant in law and which was revoked " upon the ground that it was null and void *ab initio;* that the effect " of such appeal would be to perpetuate not only an illegal, but a void " and absolutely null, order, under which the sheriff has seized and " taken, and now holds, the property of these relators."

"And relators aver that, if this Honorable Court should hold that " the motion for appeal was properly entertained and that the judg- " ment dissolving the writ of sequestration and annulling the original " order was subject to revision by appeal, that the parties plaintiff, " having obtained an order for appeal and given bond for an amount " fixed by the court for a devolutive appeal, it can not now be claimed " that the appeal is suspensive, and said sheriff, Paul Pecot, has no " longer any legal authority to hold the property seized."

They allege that their property, under seizure, is deteriorating in value and no bond has been given to cover the damages, and they pray: "That an alternative writ of *certiorari* and prohibition issue, " directed to the honorable, the Judge &ast; &ast; &ast; and to Paul " Pecot, the sheriff of said court, ordering them to produce and file in " this honorable Court full and complete records of the proceedings in " said case of Ludwig Schwan *et als.* vs. Wm Schwan *et als.*, No. " 10,284 of the docket, and that the order of sequestration issued *ex* " *officio* by the Honorable Judge &ast; &ast; &ast; and all subsequent pro- " ceedings based thereon, be held to be absolutely null and void and " illegal, and that therefore the said judge be prohibited from pro- " ceeding further and entertaining or granting any motions or orders " for appeal, devolutive or otherwise; or, in any event, that the appeal " claimed to be perfected, be held to be devolutive, and ordering the " sheriff of said court to deliver at once to relators, the property held " by him under the original seizure, made under said illegal order, " as herein set forth."

## OPINION.

Whether the Judge *a quo* erred in ordering the sequestration, upon the case presented to him, without requiring bond, or averment by the plaintiff of fear of removal of the property, is a question which, we think, is not properly before us at this time, and we, therefore, express no opinion upon it. He had jurisdiction, however, of the persons, the subject matter, and the amount involved. He was, unquestionably, authorized to order the sequestration of the property if certain conditions existed, and the responsibility and duty rested upon him of determining, primarily, whether those conditions existed or not. If, in the exercise of his judgment, he concluded that the case presented was one which required and justified the issuance of the writ, and therefore ordered its issuance, he simply discharged a duty and exercised a power imposed and conferred upon him by law; and, if there was error in the conclusion upon which his action was based, it was error that consisted, not in exercising power or juris- diction in a field into which he was without authority to enter, but, in his appreciation of law or facts, or in his process of reasoning, in a field to which he is especially assigned, and in the manner of exer- cising a jurisdiction which he possessed and was bound to exercise

State ex rel Schwan vs. Judge and Sheriff.

to the best of his judgment. It was the right of the defendants in the writ to call the attention of the judge, to the error into which they believed he had fallen, and they availed themselves of that right by moving to set the writ aside—with the result, that the judge, convinced that an error had been committed, set aside the writ. But, the plaintiffs contend, that no error was committed in the issuance of the writ, and they desire to have the judgment setting it aside reviewed in this court, upon the ground that there was error in said judgment. They therefore applied for and obtained an order of appeal from said judgment, and perfected the same by giving a bond in an amount fixed by the judge who granted the order. So far as the question of appeal vel non is concerned, it is, therefore, determined; subject to whatever rights the parties may have to move for its dismissal, whether in this court or in the court a qua, and subject to the determination of the question, which has been put at issue— is the appeal suspensive or devolutive?

The relators do not move to dismiss the appeal thus granted; they ask (1) that "the order of sequestration * * * and all subsequent proceedings based thereon be held to be absolutely null, and that, (2) therefore, the said judge be prohibited from proceeding further and entertaining or granting any motions or orders for appeal, devolutive or othewise, or, in any event, (3) that the appeal claimed to be perfected be held to be devolutive, and (4) ordering the sheriff * * * to deliver at 'once, to relators, the property held by him under the original seizure," etc.

Considering these different prayers in the order stated:

1. The question of the validity of "the order of sequestration" was presented to, and passed upon by the judge a quo, in the rule to set aside said order and in the judgment quashing the writ, and was transferred to this court by the appeal, which divested the jurisdiction of the judge a quo, quoad that question; that jurisdiction of this court attaching upon the filing of the appeal bond in the lower court.

The writ of prohibition may forbid the judge of an inferior court to proceed further in a cause, on the ground that the cognisance of such cause does not belong to him but to another (C. P. 846), but is not intended as a means of bringing up for review, in an appellate court, action already taken or a judgment already rendered, and

State ex rel Schwan vs. Judge and Sheriff.

especially where the judgment complained of is pending on appeal in such appellate court.

2. There is nothing in the record to indicate that the judge *a quo* contemplates granting any motions or orders for appeal. There appears to be pending before him, at this time, a rule, taken by the relators, upon the sheriff, to compel that officer to release the property which was seized by him under the writ of sequestration. The matter is within his jurisdiction, and will, no doubt, be decided in due time. We can hardly imagine that the relators desire us to prohibit the granting of an appeal in case the judgment is unfavorable to them; and unless it is made to appear that the judge is about to grant some order which he is without jurisdiction to grant, the prohibition does not lie.

3. Whether the appeal is suspensive or devolutive, is a matter which has been already presented to the judge *a quo* for determination, and which would, no doubt, have been decided by him, ere this, if he had not been prevented from so doing by the pendency of these proceedings. He made the order under which the appeal was taken and the bond of appeal filed, and he has, primarily, jurisdiction to determine whether such appeal operates suspensively or devolutively. A devolutive appeal does not suspend the execution of the judgment appealed from, but the appellee in such a case is not required to go to the appellate court to ascertain that fact. He may apply to the court from which the appeal was taken for execution upon his judgment, and if the court is of opinion that the appeal taken does not operate suspensively the execution is ordered. If the execution is ordered in a case where a party appellant believes that it has been suspended by the appeal, he may apply for such relief as the law affords.

In *State ex rel Gill vs. Tissot, Judge,* 34th Ann., 91, this court said:

"The jurisprudence appears to be now firmly settled that it is only *after* a *suspensive* appeal has been obtained and perfected that the lower court ceases to have further jurisdiction over the case." (Citing authorities.)

"The door has always been wisely left open for the determination, by *such court,* whether the judgment *suspensively* appealed from shall, or not, be executed, either because the case is not appealable, or

because no bond has been furnished, or because that furnished is insufficient, or because the surety or sureties do not possess the required qualifications.

"When such a bond is insufficient, an appellee has two remedies, either to move for a dismissal of the appeal in the appellate court, or for the execution of the judgment appealed from, in the court of first instance.

\* \* \* \* \* \* \* \*

"We are first called upon merely to decide whether the District Court, in entertaining the rule for execution, and in passing on its merits, has not exceeded the bounds of its jurisdiction.

"We think that court had authority to ascertain and determine whether the conditions precedent upon which it granted the suspensive appeal from the ejectment judgment had, or not, been fulfilled. The authorities referred to support that position.

"1. Those conditions were: the furnishing of the bond required by law, in the amount stipulated by the judge; and 2, the giving of a surety or sureties good and solvent.

\* \* \* \* \* \* \* \*

"The judge who passed on the merits of the case, who allowed the appeal, ex necessitate had the right to decide whether the conditions upon which, under the law, he granted the appeal, and which were to be fulfilled before the judgment could be suspended, had been, or not, complied with."

4. It is evident from what has been said, that the application to this court, at this time, and in this form, to order the sheriff to deliver to relators the property in his possession, is premature and out of place. If it is held, eventually, that the appeal, from the judgment quashing the writ under and by virtue of which, alone, the sheriff can pretend to hold said property, operates devolutively, and not suspensively, then, it follows that he has had, since that judgment became final, no legal warrant for retaining possession of the property, and he holds, and withholds, it at his peril.

For these reasons, it is ordered and adjudged that the writ of prohibition herein prayed for, be denied at the cost of the relators.